UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RUGGERO SANTILLI,

    Plaintiff,

v.                        Case No. 8:17-cv-1475-T-33AAS

PEPIJN VAN ERP, et al.,

    Defendants.
_____/

## ORDER

This matter comes before the Court sua sponte. For the reasons below, this action is remanded to the Sixth Judicial Circuit, in and for Pinellas County, Florida.

## Discussion

Plaintiff Ruggero Santilli filed his Complaint in state court on April 5, 2017. (Doc. # 2). Defendant Pepijn van Erp then removed the action to this Court, predicating jurisdiction on 28 U.S.C. § 1332. (Doc. # 1).

When, as here, jurisdiction is premised on diversity of citizenship, § 1332 requires among other things that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." If "the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence

relevant to the amount in controversy at the time the case was removed." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). When "damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." Lowery v. Ala. Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007).

The Complaint alleges an unspecified amount in damages. (Doc. # 2 at ¶ 1). In his notice of removal, Erp solely relies on Santilli's responses to requests for admission whereby Santilli denied he was seeking $75,000 or less and admitted the total damages he was seeking were greater than $75,000. (Doc. # 1-2 at ¶¶ 1, 2). However, "[a] number of courts have determined that a plaintiff's discovery responses concerning the amount in controversy are not sufficient to support removal of a case to federal court." Chase v. Hess Retail Operations LLC, No. 8:15-cv-1712-T-33JSS, 2015 WL 5356185, at * 2 (M.D. Fla. Sept. 14, 2015) (citations omitted). As noted in Eckert v. Sears, Roebuck and Co.,

> a plaintiff's mere concession that the amount-in-controversy exceeds $75,000 is insufficient because "[j]urisdictional objections cannot be forfeited or waived." . . . Allowing the parties to invoke jurisdiction by merely claiming in concert that the amount-in-controversy exceeds the jurisdictional requirement is "tantamount to allowing the parties to consent to removal jurisdiction." . . . Thus, "[a]lthough a plaintiff may stipulate to an amount

2

less than the jurisdictional minimum to avoid removal, the converse is not true." No. 8:13-cv-2599-T-23EAJ, 2013 WL 5673511, at *1 (M.D. Fla. Oct. 17, 2013) (citations omitted); see also Avramides v. Genesis Eldercare Rehab. Servs., LLC, No. 8:17-cv-155-T-33JSS, 2017 WL 359884, at *2-3 (M.D. Fla. Jan. 25, 2017) (citations omitted). Because Erp relies solely on bare admissions, he has not shown by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) This case is **REMANDED** to the Sixth Judicial Circuit, in and for Pinellas County, Florida, for lack of subject-matter jurisdiction pursuant to 28 U.S.C. § 1447.

(2) The Clerk is directed to **CLOSE** this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 23rd day of June, 2017.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE